WILLIAM SEYMOUR *vs.* CENTRAL VERMONT R. R. Co.

January Term, 1897.

Present: Ross, C. J., TAFT, ROWELL, TYLER, MUNSON and START, JJ.

*Railroad's Duty to One Permitted upon Its Track—Allegation Construed in Support of Declaration.*

A railroad company is liable for an injury occasioned by the negligent management of its train to one who is walking upon its track in pursuance of a long continued custom, known and permitted by the company.

An allegation that the defendant managed its train with gross negligence in this, that a long rope was allowed to hang beside the train and

caught about the plaintiff's arm and dragged him along the ground, is capable of the construction that the defendant knowingly allowed the rope to so hang, and should be so construed in support of the declaration.

CASE for negligence. Heard on general demurrer to the declaration at the September Term, 1896, Chittenden County, *Tyler*, J., presiding. *Pro forma* judgment sustaining the demurrer and adjudging the declaration insufficient. The plaintiff excepted.

The declaration alleged that the plaintiff when he received the injury was walking on a portion of the railroad which had been for many years in constant use by the public as a passage way with the knowledge and implied consent of the defendant.

*C. W. Witters* for the defendant.

The defendant owed the plaintiff no duty in regard to the management of its train, for the plaintiff was a trespasser. *Pierce* v. *Whitcomb*, 48 Vt. 127; *Fay* v. *Kent*, 55 Vt. 557; *Kennedy* v. *Morgan*, 57 Vt. 46; *Gaynor* v. *Old Colony, etc., R. R. Co.*, 100 Mass. 208.

*H. F. Wolcott* for the plaintiff.

TAFT, J. We notice the questions raised by the brief of the defendant's counsel and none other.

The defendant assigns seven reasons why the declaration is insufficient to establish a cause of action. The first six raise substantially the same question and are all based upon the claim that the plaintiff was in fact a trespasser upon the road-bed and therefore the defendant was under no duty in respect to him.

The plaintiff may establish his right of action by showing that his injury arose from the neglect of the defendant, if he was in the exercise of ordinary care at the time of the casualty, notwithstanding he was upon that part of the road-bed which was not a public crossing, and although he was not there by the invitation of the defendant, nor by any inducements held out by the defendant to him, and was

there without any purpose of transacting business with the defendant. It is not necessary that he should allege that he was using the road by any agreement with the defendant. A legal duty or obligation from the defendant to the plaintiff might arise notwithstanding the existence or the absence of any of the facts above stated; it is unnecessary for the plaintiff to allege that the defendant was wilfully or recklessly negligent. In respect to negligence it would depend upon whether the defendant was in the exercise of ordinary care. The allegation in the declaration is that the plaintiff was upon the track with the implied consent of the defendant, in pursuance of a long continued custom which was known to the defendant, and permitted by it without objection. Under these circumstances the defendant cannot excuse itself, from any negligence of which its servants were guilty at the time the accident occurred, by showing the existence or non-existence of any of the facts stated.

The seventh point under the demurrer is that the action cannot be sustained because it is not alleged that the defendant knew, or by the exercise of due care, might have known that the rope was in the position claimed. The allegation in that respect is "That the defendant by its servants managed the train with gross negligence in this, that a long rope was allowed to hang beside the train, etc., far outside,—and beyond the side, of the cars and that the rope caught about the plaintiff's arm and hand, etc., and so dragged him along the ground," etc. This allegation is capable of the construction that the defendant knowingly allowed the rope to hang, drag, etc. While, in case of doubt, if the pleadings are ambiguous, or when two different meanings present themselves, that construction must be adopted which is most unfavorable to the pleader, still if the expression is capable of two meanings that shall be taken which will support the declaration and not the other which will defeat it. The allegation in the declaration can fairly bear a construction that the defendant

knowingly allowed the rope to drag, hang, etc.; the declaration is not subject to the criticism made in that respect.

> *The pro forma judgment is reversed, the demurrer overruled, declaration adjudged sufficient, and cause remanded for further proceedings.*

*Start*, J., dissents.